IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-03882-SKC

GABLAN RIYAD AHMAD ALOMARI,

Petitioner,

v.

JUAN BALTAZAR, Warden,

Respondent.

---

**ORDER**

---

This matter is before the Court on Petitioner Gablan Riyad Ahmad Alomari's motion to enforce (ECF No. 15) and supplement (ECF No. 17). Respondent filed a response (ECF No. 18).

**BACKGROUND**

Petitioner is confined at an immigration detention facility in Aurora, Colorado. (ECF No. 1). On August 24, 2026, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*Id.*). On September 14, 2026, the Court granted Petitioner's application, ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of the Court's order or release him. (ECF No. 12). On September 21, 2026, Respondent filed a status report stating that a

bond hearing was held on September 18, 2026, at which the immigration judge denied bond. (ECF No. 14).

On September 28, 2026, Petitioner submitted a motion asking the Court to enforce its September 14, 2026 Order granting his petition for a writ of habeas corpus and order his immediate release from immigration detention, or alternatively, order "a prompt new bond hearing that complies with the Court's express directives, after meaningful advance notice, with immediate release if Respondent fails to provide such a hearing within the deadline set by this Court." (ECF No. 15 at 1). Petitioner argues that the Court's Order required the Government to bear the burden of proving flight risk by a preponderance of the evidence and dangerousness by clear and convincing evidence, but the immigration judge "expressly faulted Petitioner because, in substance and to Petitioner's best recollection, he 'did not submit any evidence to show that he was not a danger to the community.'" (*Id.* at 1-2). He further contends that this burden-of-proof defect was "compounded by the absence of meaningful advance notice" where Petitioner did not learn of the hearing until he was awakened by detention staff and taken to court that same day. (*Id.* at 2). Petitioner requests immediate release subject to reasonable conditions of supervision, or alternatively, "a new § 1226(a) bond hearing within a short period fixed by the Court, after reasonable advance written notice, at which the Government bears the burden of proving flight risk by a preponderance of the evidence and dangerousness by clear and convincing evidence, exactly as required by Dkt. 12." (*Id.* at 8).

On October 1, 2026, the Court issued an order directing Respondent to submit a response to Petitioner's motion. (ECF No. 16). Respondent filed a response on October 13, 2026 (ECF No. 18). Respondent states that it "does not concede that the Motion is meritorious or that Respondent has not complied with this Court's prior Order granting the habeas petition . . . [b]ut for purposes of this specific case, Respondents are not submitting a brief in opposition to the Motion detailing the facts and circumstances at issue." (*Id.* at 1). Respondent further asserts that "[i]f the Court does grant the Motion, Respondents submit that the Court should issue an order that directs a new bond hearing before the immigration court." (*Id.*).

**ANALYSIS**

Section 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010). Where a petitioner argues that the immigration judge applied an improper legal standard, rather than setting aside the custody determination of the immigration judge, the court is "assessing whether the IJ applied the legal standard prescribed by this [c]ourt or otherwise followed the [c]ourt's directives." *See Maldonado Ochoa v.*

*Baltazar,* 2026 WL 1615245, at *2 (D. Colo. June 5, 2026) (citing cases); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026) (recognizing the court may "assess[ ] whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives.").

In granting Petitioner's application, this Court ordered that "the Government shall bear the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence." (ECF No. 12 at 3-4). The Court further ordered that if "Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention." (*Id.* at 4).

Petitioner asserts that he was "faulted for failing to prove that he was not dangerous, contrary to this Court's express allocation of the burden to the Government." (ECF No. 15 at 9). Although Respondent states he does not concede that Petitioner's arguments are meritorious, this is the extent of his position, which ultimately amounts to no argument at all. Where, as here, "a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address." *Alfaro Herrera v. Baltazar*, No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); *see also C1.G ex rel C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022). Thus, the Court finds that based on Petitioner's unrefuted allegations, his due process rights

were violated (for the second time) based on the immigration judge's improper allocation of the burden of proof at the bond hearing.

Respondent contends that if this Court grants the Motion, it would be appropriate to order another bond hearing, but this Court finds little utility in ordering further bond hearings and risking further constitutional violations. The Court instead will order Petitioner's immediate release. *See Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) ("Requiring [the petitioner] to undergo yet another sham bond hearing, as the Government would have it, in the Court's view would only add further insult to the constitutional injury to which [the petitioner] has already been subjected.").

* * *

For the reasons shared above, Petitioner's motion (ECF No. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** Respondent SHALL immediately release Petitioner under reasonable conditions to be set by DHS and SHALL FILE a status report within FIVE DAYS of this Order certifying compliance.

DATED: October 15, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge